Mark S. Olinsky
Peter C. Urmston
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
molinsky@sillscummis.com
purmston@sillscummis.com

Taylor A. Cates (pro hac vice applications to be submitted)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Ave
Memphis, Tennessee 38103
(901) 524-5165
tacates@bpjlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **WEST STONE WORKS CO., INC.**<br>**d/b/a WEST MEMORIALS,** | |
| | **Civil Action No.**_____ |
| **Plaintiff,** | |
| | **COMPLAINT AND** |
| **v.** | **JURY DEMAND** |
| | |
| **HEAVENLY MONUMENTS, LLC**<br>**AND KANI INTERNATIONAL, INC.** | |
| | |
| **Defendants.** | |

---

Plaintiff West Stone Works Co., Inc. d/b/a West Memorials ("West"), 2481 Broad Ave,

Memphis, Tennessee 38112, by its attorneys Sill Cummis & Gross P.C., brings this Complaint

and Jury Demand against Heavenly Monuments, LLC ("Heavenly"), 259 Homestead Road,

Hillsborough Township, New Jersey 08844; and Kani International, Inc. ("Kani"), 259

Homestead Road, Hillsborough Township, New Jersey 08844, (collectively "Defendants"), and states as follows:

## INTRODUCTION

1.      This is an action for copyright infringement pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 501 et seq.

## PARTIES

2.      Plaintiff West Stone Works Co., Inc. d/b/a West Memorials ("West") is a corporation organized under the laws of the State of Tennessee with its principal place of business located at 2481 Broad Ave, Memphis, Tennessee 38112.

3.      Defendant Heavenly Monuments, LLC ("Heavenly") is a limited liability company with its principal place of business located at 259 Homestead Road, Hillsborough Township, New Jersey 08844.

4.      Defendant Kani International, Inc. ("Kani") is a domestic corporation with its principal place of business located at 259 Homestead Road, Hillsborough Township, New Jersey 08844.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over West's claims for copyright infringement and related claims pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 & 1338(a).

6.      Defendants are subject to general in personam jurisdiction in the courts of this state as Defendants each have their principal place of business located within the state of New Jersey.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) & 1400 because a substantial part of the events giving rise to the claim occurred in this District and because Defendants have a sufficient connection with this District to make venue proper in this District, as alleged in this Complaint.

## STATEMENT OF FACTS

8.      West is in the business of designing and selling memorials, including monuments, headstones, statues, and civic and war memorials. West provides custom designs individually tailored to each customer.

9.      On information and belief, Heavenly is a retail sales producer of monuments that operates throughout the United States.

10.     On information and belief, Kani is a wholesale producer of monuments.

11.     Over the past several years, both Heavenly and Kani have engaged in a practice of infringing on West's protected designs by producing exact copies of West's designs and selling them to customers.

12.     West takes great effort to protect its custom designs, including by routinely registering its designs with the U.S. Copyright Office.

13.     In 2017, West designed and had constructed a memorial it identified as the "Dean Tree Monument."  West has registered that memorial with the United States Copyright Office, with a registration number of VAu001288388.  A copy of this copyright registration is attached hereto as **Exhibit A-1**.  A photograph of the Dean Tree Monument is attached hereto as **Exhibit A-2**.

14.     In 2019, West designed and had constructed a memorial it identified as the "Cunningham Tree Monument."  West has registered that memorial with the United States Copyright Office, with a registration number of VAu001390891.  A copy of this copyright registration is attached hereto as **Exhibit B-1**.  A photograph of the Cunningham Tree Monument is attached hereto as **Exhibit B-2**.

15.     In 2020, West designed and had constructed a memorial it identified as the "Cohen Swan Monument."  West has registered that memorial with the United States Copyright Office,

with a registration number of VAu001415555.  A copy of this copyright registration is attached hereto as **Exhibit C-1**.  A photograph of the Cohen Swan Monument is attached hereto as **Exhibit C-2**.

16.    West recently became aware that Heavenly and/or Kani jointly created, imported, and sold exact replicas of each of the memorials referenced in Paragraphs 12 through 14.

17.    As part of West's efforts to protect its copyrighted works, it periodically evaluates the published works of potential infringers, including Heavenly and Kani.

18.    In conducting a search of Heavenly and Kani's works, West discovered the photograph attached hereto as **Exhibit D**, depicting an exact replica of the Dean Tree Monument, which Heavenly and/or Kani jointly created, imported, and sold.

19.    Heavenly and/or Kani jointly created, imported, sold, and/or produced the monument attached as Exhibit D, as evidenced by the post of the monument on Heavenly's Facebook page.

20.    West found the photograph attached hereto as **Exhibit E**, depicting an exact replica of the Cunningham Tree Monument, which Heavenly and/or Kani jointly created, imported, and sold.

21.    Heavenly and/or Kami produced the monument attached as Exhibit E, as evidenced by the post of the monument on Heavenly's website.

22.    West found a photograph depicting an exact replica of the Cohen Swan Monument on Heavenly Monuments' website, which Heavenly and/or Kani jointly created, imported, and sold.  Heavenly removed the image before West was able to capture a photograph of the webpage depicting West's design.

23.     West also found a picture that includes an exact replica of the Cohen Swan Monument on Kani's Facebook page, which Heavenly and/or Kani jointly created, imported, and sold.  A screenshot of this photograph is attached hereto as **Exhibit F**.  The Cohen Swan Monument replica is depicted in the upper right corner of the image.

24.     In addition to these specific infringements, and as evidence of the Defendants' willfulness in violating the West's intellectual property rights, Defendants recently egregiously stole a custom design by West.

25.     Karl Lampl initially reached out to West in February 2019 inquiring about a custom monument based off of West's previously designed Duncan Monument, a photograph of which is attached hereto as **Exhibit G**.

26.     Between February 2019 and December 2019, West spent many hours creating a custom design for the Lampl family, the penultimate result of which is attached as **Exhibit H**. West created this design, as evidenced by West's logo and contact information at the top of the photograph.

27.     West makes publicly known its protected interest in its designs by affixing the copyright logo to its custom designs.

28.     After West created the custom design for the Lampl family shown in Exhibit H, Karl Lampl then said he needed to hold off on the purchase due to money problems.  West did not hear from the Lampl family again.

29.     On or around June 20 to June 24, 2022, West discovered an identical replica of West's custom Lampl design on Heavenly's website, a photograph of which is attached hereto as **Exhibit I**.

30.     On information and belief, the Lampl family took West's custom design rendering to Defendants for the purpose of having Defendants copy the work.

31.     Defendants subsequently jointly created, imported, and sold an identical replica of the stolen design, notwithstanding the clear renderings of West's logo and contact information on the design, as evidenced by the post of the monument on Heavenly's website.

32.     Defendants knowingly infringed on the aforementioned designs created by West by stealing West's designs and selling memorials based on what appears to be exact copies of the designs, and retaining all profits, without receiving any permission or authority from West to copy, distribute, or display the work.

33.     West has registered its copyright in the Lampl Monument, which is attached hereto as **Exhibit J**.

<u>**COUNT ONE**</u>
<u>**(Copyright Infringement – Cunningham Tree Monument)**</u>

34.     Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

35.     West owns a valid registered copyright in the Cunningham Tree Monument.

36.     Defendants have infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West.

37.     Specifically, Defendants have infringed upon West's copyrights in and to the Cunningham Tree Monument by manufacturing and distributing an exact copy of the work, as evidenced in Exhibit E.

38.     Defendants further infringed upon West's copyright by advertising this design on the internet.

39.     As a result of their wrongful conduct, Defendants are liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

40.     Defendants' acts were willful, as demonstrated by their pattern of infringement of West's protected works.

41.     West has suffered damages as a result of Defendants' infringement. West is entitled to recover compensatory damages from Defendants, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendants have realized as a result of their wrongful conduct.

42.     If any infringement occurred after the registration of West's copyright in the Cunningham Tree Monument, West is entitled to statutory damages, including the heightened statutory damages award for willful copyright infringement.

43.     Heavenly and Kani are each jointly and severally liable for the conduct of the other.

**COUNT TWO**
**(Copyright Infringement – Dean Tree Monument)**

44.     Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

45.     West owns a valid registered copyright in the Dean Tree Monument.

46.     Defendants have infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West.

47.     Specifically, Defendants have infringed upon West's copyrights in and to the Dean Tree Monument by manufacturing and distributing an exact copy of the work, as evidenced in Exhibit D.

48.     Defendants further infringed upon West's copyright by advertising this design on the internet.

49.     As a result of their wrongful conduct, Defendants are liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

50.     Defendants' acts were willful, as demonstrated by their pattern of infringement of West's protected works.

51.     West has suffered damages as a result of Defendants' infringement. West is entitled to recover compensatory damages from Defendants, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendants have realized as a result of their wrongful conduct.

52.     If any infringement occurred after the registration of West's copyright in the Dean Tree Monument, West is entitled to statutory damages, including the heightened statutory damages award for willful copyright infringement.

53.     Heavenly and Kani are each jointly and severally liable for the conduct of the other.

## COUNT THREE
### (Copyright Infringement – Cohen Swan Monument)

54.     Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

55.     West owns a valid registered copyright in the Cohen Swan Monument.

56.     Defendants have infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West.

57.     Specifically, Defendants have infringed upon West's copyrights in and to the Cohen Swan Monument by manufacturing and distributing an exact copy of the work.

58.     Defendants further infringed upon West's copyright by advertising this design on the internet.

59.     As a result of their wrongful conduct, Defendants are liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

60.     Defendants' acts were willful, as demonstrated by their pattern of infringement of West's protected works.

61.     West has suffered damages as a result of Defendants' infringement. West is entitled to recover compensatory damages from Defendants, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendants have realized as a result of their wrongful conduct.

62.     If any infringement occurred after the registration of West's copyright in the Cohen Swan Monument, West is entitled to statutory damages, including the heightened statutory damages award for willful copyright infringement.

63.     Heavenly and Kani are each jointly and severally liable for the conduct of the other.

## COUNT FOUR
### (Copyright Infringement – Lampl Monument)

64.     Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

65.     West owns a valid registered copyright in the Lampl Monument.

66.     Defendants have infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West.

67.     Specifically, Defendants have infringed upon West's copyrights in and to the Lampl Monument by manufacturing and distributing an exact copy of the work.

68.     Defendants further infringed upon West's copyright by advertising this design on the internet.

69.     As a result of their wrongful conduct, Defendants are liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

70.     Defendants' acts were willful, as demonstrated by their pattern of infringement of West's protected works.

71.     West has suffered damages as a result of Defendants' infringement. West is entitled to recover compensatory damages from Defendants, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendants have realized as a result of their wrongful conduct.

72.     Heavenly and Kani are each jointly and severally liable for the conduct of the other.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against Defendants:

1.     An award of judgment determining that Defendants have infringed Plaintiff's rights in its federally registered copyright in violation of 17 U.S.C. § 501 et seq.;

2.     Compensatory damages;

3.     Statutory damages, including attorney's fees, where applicable; and

4.     Such other and further relief as the Court may deem equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims.

Respectfully submitted,

Dated:   August 9, 2023

By:   *s/ Mark S. Olinsky*

Mark S. Olinsky
Peter C. Urmston
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
molinsky@sillscummis.com
purmston@sillscummis.com

Taylor A. Cates (pro hac vice applications
to be submitted)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Ave
Memphis, Tennessee 38103
(901) 524-5165
tacates@bpjlaw.com

*Attorneys for Plaintiff*

11

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:   August 9, 2023

By:   *s/ Mark S. Olinsky*
Mark S. Olinsky
Peter C. Urmston
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
molinsky@sillscummis.com
purmston@sillscummis.com

Taylor A. Cates (pro hac vice applications to be submitted)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Ave
Memphis, Tennessee 38103
(901) 524-5165
tacates@bpjlaw.com

*Attorneys for Plaintiff*